# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: June 1, 2026

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| LISA L. ARREDONDO, | \* | PUBLISHED |
| | \* | |
| Petitioner, | \* | No. 18-1782V |
| | \* | |
| v. | \* | Special Master Nora Beth Dorsey |
| | \* | |
| SECRETARY OF HEALTH | \* | Decision Awarding Damages; Influenza |
| AND HUMAN SERVICES, | \* | ("Flu") Vaccine; Bell's Palsy; Pain and |
| | \* | Suffering; Life Care Plan. |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Lisa Roquemore, Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA, for Petitioner.
Kimberly Shubert Davey, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On November 19, 2018, Lisa L. Arredondo ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018)[2] alleging that she suffered Bell's palsy as the result of an influenza ("flu") vaccination administered on September 21, 2017.  Petition at 2 (ECF No. 1).  On October 31, 2023, the undersigned issued a Ruling on Entitlement, finding Petitioner entitled to compensation.  Ruling on Entitlement dated Oct. 31, 2023 (ECF No. 92).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).  All citations in this Ruling to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

Because the parties were unable to resolve damages, they requested that the Court enter a schedule for damages briefs, and on March 26, 2026, the undersigned issued a Ruling on Damages.  Ruling on Damages dated Mar. 26, 2026 (ECF No. 163).  That Ruling awarded Petitioner $180,000.00 for actual pain and suffering and costs for certain disputed items in the life care plan.  See id.

On June 1, 2026, Respondent filed a joint status report in response to the undersigned's Ruling on Damages.[3]  Respondent's Joint Status Report Regarding Compensation to be Awarded and Form of Award, filed June 1, 2026 (ECF No. 168) ("Joint Status Report").  Respondent submitted the Joint Status Report providing a statement of all damages, including those that the parties have agreed upon as well as those decided by the undersigned, in the manner that the parties agree upon.  Id. at 1.  In the Joint Status Report, Respondent represented that Petitioner does not object to the representations made.  Id.  Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Joint Status Report.

The Joint Status Report is attached to this Decision as Exhibit 1, and the funding chart entitled "Appendix A: Items of Compensation for Lisa Arredondo" is attached to this Decision as Appendix A.

Pursuant to the terms stated in the attached Joint Status Report, the undersigned awards Petitioner:

**(1) A lump sum payment of $204,427.20, representing compensation for life care expenses expected to be incurred during the first year after judgment ($12,561.45), lost earnings ($1,552.88), pain and suffering ($180,000.00), and past unreimbursable expenses ($10,312.87), to be paid through an ACH deposit to Petitioner's Counsel's IOLTA account for prompt disbursement to Petitioner, Lisa Arredondo.**

**(2) An amount sufficient to purchase an annuity contract described in Section II.B. of the Joint Status Report.**

---

[3] Respondent initially filed a joint status report regarding damages on May 21, 2026.  Respondent's Joint Status Report, filed May 21, 2026 (ECF No. 166).  Respondent also filed a funding chart entitled "Appendix A: Items of Compensation for Lisa Arredondo", attached hereto as Appendix A.  Joint Status Report, Appendix A, filed May 21, 2026 (ECF No. 166-1).  The undersigned subsequently issued a Decision Awarding Damages that adopted the May 21, 2026 Joint Status Report and Appendix A.  Decision Awarding Damages dated May 26, 2026 (ECF No. 167).

On June 1, 2026, Respondent filed a joint motion to withdraw the May 26, 2026 Decision Awarding Damages due to a discrepancy between the May 21, 2026 Joint Status Report and Appendix A.  Joint Motion to Withdraw Damages Decision and Issue a Corrected Damages Decision, filed June 1, 2026 (ECF No. 169).  The undersigned granted the motion, withdrew the May 26, 2026 Decision Awarding Damages, and now issues this corrected Decision.  See Order Granting Motion to Withdraw Decision dated June 1, 2026 (ECF No. 170).

2

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[4]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____

)
LISA L. ARREDONDO,                                        )
                                                                           )
         Petitioner,                                          )
                                                                           )          No. 18-1782V
      v.                                                           )          Special Master Dorsey
                                                                           )          ECF
SECRETARY OF HEALTH AND                            )
HUMAN SERVICES,                                            )
                                                                           )
         Respondent.                                        )
_____)

**RESPONDENT'S JOINT STATUS REPORT REGARDING**
**COMPENSATION TO BE AWARDED AND FORM OF AWARD[1]**

In the Special Master's March 26, 2026 Ruling on Damages, the Special Master ordered

that "The parties are to file a joint status report […] (1) providing a complete and final life care

plan which takes into consideration the items adjudicated herein, (2) providing a joint status

report confirming the amount of damages the parties previously agreed upon for lost wages and

out-of-pocket expenses, and (3) confirming that all items have damages have now been resolved

and that no issues remain outstanding."  ECF No. 163 at 21.

Respondent submits this Joint Status Report providing the Special Master with a

statement of all damages, including those that the parties have agreed upon, as well as those

decided by the Special Master, in the manner that the parties agree contains the information

needed for the Special Master's Decision on Damages.

While preserving his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the

Special Master's Ruling on Damages, respondent submits the following Joint Status Report

_____
[1] This is a corrected version of the previously filed Joint Status Report.  _See_ ECF No. 166.

regarding damages. Petitioner's counsel has reviewed this Joint Status Report and agrees with the representations made herein.

## I.    Items of Compensation

### A.    Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CNLCP, CCM, and petitioner engaged Liz Kattmann, MS, CRC, CLCP, CCM, to provide an estimation of Lisa Arredondo's future vaccine-injury-related needs. Life care plans were filed in this case. ECF Nos. 128, 130, 132, 136, 147, 162. Agreed-upon life care items, as well as life care items delineated as awarded by the Special Master, are illustrated by the chart entitled "Appendix A: Items of Compensation for Lisa Arredondo," attached to this Joint Status Report as Tab A.[2]

---

[2] The chart at Tab A illustrates the parties' agreed-upon annual amounts for life care items and, pursuant to the Special Master's March 26, 2026 Ruling on Damages (ECF No. 163), includes the Special Master's award of the following life care items: BCBS of Texas PPO Premium, from compensation year 2026 through compensation year 2030; BCBS of Texas PPO Dental, from compensation year 2026 through compensation year 2030, Medicare Part B - Deductible from compensation year 2031 through the remainder of petitioner's life; Medicare Part D - Drug Plan from compensation year 2031 through the remainder of petitioner's life; Primary Care Physician (per Dr. Jaime Esquivel) from compensation year 2028 through the remainder of petitioner's life; Eye Plastic/Oculo-Facial Specialist (per Christopher DeBacker and per Dr. Bailey Minehart) from compensation year 2028 through the remainder of petitioner's life; Dentist (per current usage with Dr. Walters-Badillo) from compensation year 2031 through the remainder of petitioner's life; Gabapentin 300 mg one per day from compensation year 2028 through compensation year 2030; Ibuprofen 800 mg from compensation year 2028 through compensation year 2030; Azelastine EYE Drops Daily from compensation year 2028 through compensation year 2030; Neutrasal Oral Rinse, daily packets from compensation year 2026 through the remainder of petitioner's life; Prevident Toothpaste from compensation year 2026 through the remainder of petitioner's life; Dry Eye Drops – Refresh from compensation year 2026 through the remainder of petitioner's life; Dry Mouth Lozenges – Biotene from compensation year 2026 through the remainder of petitioner's life; Nighttime lubricant eye ointment from compensation year 2026 through the remainder of petitioner's life; Moisturizing Mouth Spray - Biotene from compensation year 2026 through the remainder of petitioner's life; Mouthwash – ACT for Dry Mouth with xylitol from compensation year 2026 through the remainder of petitioner's life; Dental Floss – Glide from compensation year 2026 through the remainder of petitioner's life; Tissues (carrying packs) from compensation year 2026 through the remainder of petitioner's life; Aquegel Eucalyptus Moisturizer from compensation year 2026

2

B.    Lost Earnings

The parties agree that based upon the evidence of record, Lisa Arredondo incurred lost earnings related to her vaccine-related injury. *See* 42 U.S.C. § 300aa-15(a)(3)(A). The parties further agree that petitioner should be awarded past lost wages in the amount of $1,552.88.

C.    Pain and Suffering

The parties agree that based upon the evidence of record, Lisa Arredondo is entitled to an award for actual pain and suffering under the Vaccine Act. *See* 42 U.S.C. § 300aa-15(a)(4). However, the parties did not agree on an amount of pain and suffering to be awarded. On March 26, 2026, the Special Master awarded petitioner compensation for actual pain and suffering in the amount of $180,000.00.

---

through the remainder of petitioner's life; Electric Toothbrush – Sonicare from compensation year 2026 through the remainder of petitioner's life; Sonicare Toothbrush Heads from compensation year 2026 through the remainder of petitioner's life; Waterpik Cordless Water Flosser from compensation year 2026 through the remainder of petitioner's life; Water Flosser Tips from compensation year 2026 through the remainder of petitioner's life; Case for Water Flosser from compensation year 2026 through the remainder of petitioner's life; Tongue Scraper from compensation year 2026 through the remainder of petitioner's life; Humidifier from compensation year 2026 through the remainder of petitioner's life; Ear Plugs from compensation year 2026 through the remainder of petitioner's life; Magnifying Glass from compensation year 2026 through the remainder of petitioner's life; TENS Electronic Pulse Massager from compensation year 2026 through the remainder of petitioner's life; TENS Electronic Replacement Pads from compensation year 2026 through the remainder of petitioner's life; Electrode Gel from compensation year 2026 through the remainder of petitioner's life; Mediviz Eye Compress from compensation year 2026 through the remainder of petitioner's life; Back & Neck Massager from compensation year 2026 through the remainder of petitioner's life; PCP Mileage from compensation year 2026 through the remainder of petitioner's life; Eye Plastic/Oculo-Facial Specialist (Dr. DeBacker) Mileage from compensation year 2026 through the remainder of petitioner's life; Dentist (Dr. Walters-Badillo) Mileage from compensation year 2026 through the remainder of petitioner's life; Facial Plastic & Reconstructive Surgeon/Surgeries (Dr. Minehart & Dr. Barerra) Mileage in compensation year 2026; Physical Therapy (various locations) Milage in compensation year 2026. Annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

3

D.       Past Unreimbursable Expenses

The parties agree that based upon the evidence of record, petitioner has incurred past unreimbursable expenses related to her vaccine-related injury. *See* 42 U.S.C. § 300aa-15(a)(1)(B). The parties agree that petitioner should be awarded an amount of $10,312.87 for past unreimbursable expenses.

## II.    Form of the Award

The parties request that the compensation provided to petitioner be made through a combination of a lump sum payment and future annuity payments as described below, and request that the Special Master's Decision on Damages and the Court's judgment award the following:[3]

A.  A lump sum payment of $204,427.20, representing compensation for life care expenses, including those items awarded by the Special Master referenced in footnote one, expected to be incurred during the first year after judgment ($12,561.45), lost earnings ($1,552.88), pain and suffering ($180,000.00), and past unreimbursable expenses ($10,312.87) in the form of an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Lisa Arredondo.

B.  An amount sufficient to purchase an annuity contract,[4] subject to the conditions

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

[4] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal

described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company,[5] from which the annuity will be purchased.[6] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Lisa Arredondo, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

---

process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
>
> b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
>
> c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
>
> d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[6] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

1.      Growth Rate

The parties agree that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.

2.      Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Lisa Arredondo, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Lisa Arredondo's death.

3.      Guardianship

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

III.    **Summary of Payments Following Judgment**

A.      A lump sum payment of **$204,427.20** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Lisa Arredondo**.**

B.      An amount sufficient to purchase the annuity contract described above in section II. B.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

6

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JAMES V. LOPEZ
Assistant Director
Torts Branch, Civil Division

/s/ *Kimberly S. Davey*
KIMBERLY S. DAVEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 307-1815
kimberly.davey@usdoj.gov

DATED:  May 26, 2026

**<u>CERTIFICATE OF SERVICE</u>**

I certify that today, May 26, 2026, a copy of the foregoing pleading was served by

electronic mail to Lisa Roquemore at lroquemore@vaccine-law.com.

*<u>/s/ Kimberly S. Davey</u>*
KIMBERLY S. DAVEY

8

Appendix A:  Items of Compensation for Lisa Arredando

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3-5 | Compensation Year 6-25 |
|---|---|---|---|---|---|---|---|
| BCBS of Texas PPO Premium | 5% | | | $ 6,000.00 | $ 6,000.00 | $ 1,600.00 | |
| BCBS of Texas PPO Vison Care | 5% | | | $ - | $ - | $ - | $ - |
| BCBS of Texas PPO Dental | 5% | | | $ 25.00 | $ 25.00 | $ 25.00 | |
| Medicare Part A | 5% | | | $ - | $ - | $ - | |
| Medicare Part B - Deductible | 5% | | | $ - | $ - | $ - | $ 283.00 |
| Medigap-Plan G | 5% | | | $ - | $ - | $ - | $ - |
| Medicare Part D - Drug Plan | 5% | | | $ - | $ - | $ - | $ 638.55 |
| Primary Care Physician (per Dr. Jaime Esquivel) | 5% | * | | $ - | $ - | $ 150.00 | $ 75.00 |
| Eye Plastic/Oculo-Facial Specialist (per Christop | 5% | * | | $ - | $ - | $ 200.00 | $ 714.00 |
| Dentist (per current usage with Dr. Walters-Ba | 5% | * | | $ - | $ - | $ - | $ 316.50 |
| Eye Doctor (optometrist, per current usage) | 5% | | | $ - | $ - | $ - | $ - |
| Other Specialists, i.e. ENT, ophthalmology or n | 5% | | | $ - | $ - | $ - | $ - |
| Facial Plastic & Reconstructive Surgeon (per Dr | 5% | * | | $ - | $ - | $ - | $ - |
| Surgeries | 5% | * | | $ - | $ - | $ - | $ - |
| Meloxicam 7.5 mg one per day | 5% | * | | $ - | $ - | $ - | $ - |
| Gabapentin 100 mg one per day | 5% | * | | $ - | $ - | $ - | $ - |
| Gabapentin 300 mg one per day | 5% | * | | $ - | $ - | $ 120.00 | $ - |
| Ibuprofen 800 mg | 4% | * | | $ - | $ - | $ 120.00 | $ - |
| Azelastine EYE Drops Daily | 5% | * | | $ - | $ - | $ 120.00 | $ - |
| Neutrasal Oral Rinse, daily packets | 5% | | | $ 4,192.32 | $ 4,192.32 | $ 4,192.32 | $ 4,192.32 |
| Prevident Toothpaste | 5% | | | $ 130.50 | $ 130.50 | $ 130.50 | $ 130.50 |
| Dry Eye Drops - Refresh | 4% | | | $ 154.00 | $ 154.00 | $ 154.00 | $ 154.00 |
| Dry Mouth Lozenges – Biotene | 4% | | | $ 83.64 | $ 83.64 | $ 83.64 | $ 83.64 |
| Nighttime lubricant eye ointment | 4% | | | $ 164.00 | $ 164.00 | $ 164.00 | $ 164.00 |
| Moisturizing Mouth Spray - Biotene | 4% | | | $ 73.50 | $ 73.50 | $ 73.50 | $ 73.50 |
| Mouthwash – ACT for Dry Mouth with xylitol | 4% | | | $ 37.00 | $ 37.00 | $ 37.00 | $ 37.00 |
| Dental Floss – Glide | 4% | | | $ 44.00 | $ 44.00 | $ 44.00 | $ 44.00 |
| Tissues (carrying packs) | 4% | | | $ 77.50 | $ 77.50 | $ 77.50 | $ 77.50 |
| Aquegel Eucalyptus Moisturizer | 4% | | | $ 68.50 | $ 68.50 | $ 68.50 | $ 68.50 |
| Independent Case Management | 4% | | | $ - | $ - | $ - | $ - |
| Facial Nerve Rehabilitation (per Dr. Esquivel an | 4% | * | | $ - | $ - | $ - | $ - |
| Acupuncture | 4% | | | $ - | $ - | $ - | $ - |
| Massage Therapy | 4% | | | $ - | $ - | $ - | $ - |
| Electric Toothbrush – Sonicare | 4% | | | $ 37.50 | $ 12.50 | $ 12.50 | $ 12.50 |
| Sonicare Toothbrush Heads | 4% | | | $ 29.98 | $ 29.98 | $ 29.98 | $ 29.98 |
| Waterpik Cordless Water Flosser | 4% | | | $ 104.00 | $ 20.80 | $ 20.80 | $ 20.80 |
| Water Flosser Tips | 4% | | | $ 19.00 | $ 19.00 | $ 19.00 | $ 19.00 |
| Case for Water Flosser | 4% | | | $ 28.00 | $ 5.60 | $ 5.60 | $ 5.60 |
| Tongue Scraper | 4% | | | $ 7.61 | $ 7.61 | $ 7.61 | $ 7.61 |
| Humidifier | 4% | | | $ 90.00 | $ 30.00 | $ 30.00 | $ 30.00 |
| Dry Eye Mask | 4% | | | $ - | $ - | $ - | $ - |
| Ear Plugs | 4% | | | $ 24.50 | $ 24.50 | $ 24.50 | $ 24.50 |
| 7 Eye Mistral Sunglasses | 4% | | | $ - | $ - | $ - | |
| Magnifying Glass | 4% | | | $ 7.50 | $ 3.75 | $ 3.75 | $ 3.75 |
| TENS Electronic Pulse Massager | 4% | | | $ 60.00 | $ 30.00 | $ 30.00 | $ 30.00 |
| TENS Replacement Pads | 4% | | | $ 20.50 | $ 20.50 | $ 20.50 | $ 20.50 |
| Electrode Gel | 4% | | | $ 90.00 | $ 90.00 | $ 90.00 | $ 90.00 |
| Mediviz Eye Compress | 4% | | | $ 32.50 | $ 32.50 | $ 32.50 | $ 32.50 |
| Back & Neck Massager | 4% | | | $ 70.00 | $ 14.00 | $ 14.00 | $ 14.00 |

2

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Compression Machine | 4% | | $ | - | $ | - | $ | - | $ | - |
| PCP Mileage | 4% | | $ | 49.14 | $ | 49.14 | $ | 49.14 | $ | 49.14 |
| Eye Plastic/Oculo-Facial Specialist (Dr. DeBacke | 4% | | $ | 112.00 | $ | 112.00 | $ | 112.00 | $ | 112.00 |
| Dentist (Dr. Walters-Badillo) Mileage | 4% | | $ | 79.52 | $ | 79.52 | $ | 79.52 | $ | 79.52 |
| Other Specialists Mileage | 4% | | $ | - | $ | - | $ | - | $ | - |
| Facial Plastic & Reconstructive Surgeon/Surger | 4% | | $ | 523.32 | $ | - | $ | - | $ | - |
| Physical Therapy (various locations) Mileage | 4% | | $ | 126.42 | $ | - | $ | - | $ | - |
| Acupuncture (various locations) - Mileage | 4% | | $ | - | $ | - | $ | - | $ | - |
| Massage Therapy - Mileage | 4% | | $ | - | $ | - | $ | - | $ | - |
| | | | | | | | | | |
| Annual Totals | | | $ | 12,561.45 | $ | 11,631.36 | $ | 7,941.36 | $ | 7,633.41 |

Note:  Compensation Year 1 consists of the 12 month period following the date of judgement.

Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgement.

As soon as practicable after entry of judgement, respondent shall make the following payment to petitioner for Year 1 Medical Insurance ($6,025.00), Medical Follow-up ($0.00), Medications ($4322.82), Over-the Counter Medications & Supplies ($702.14), Equipment & Related Supplies ($621.09), and Mileage 70 cents per Mile ($890.40): $12,561.45 Total.

Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgement.

Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgement.

Items denoted with an astrick (*) covered by health insurance and/or Medicare.

Items denoted with an "M"payable in twelve monthly installments totaling the annual amount indicated.